Schenley Industries, Inc., a corporation of the State of Delaware, Defendant Below, Appellant,

*vs.*

Caryl M. Curtis, a Petitioner in Consolidated Action No. 1042 Below, Appellee.

*Supreme Court on Appeal, June 23, 1959.*

*Aaron Finger,* of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

*Caryl M. Curtis,* pro se, appellee.

*Southerland, C. J.,* and *Wolcott* and *Bramhall, JJ.*

BRAMHALL, Justice: This appeal relates to the timeliness of a written demand for payment of his stock by a stockholder dissenting from a merger of two corporations. The demand was deposited in the mail on the last day of the period within which such demand must be made, but it was not received until the day following.

The pertinent facts are as follows:

Park & Tilford Distillers Corporation was merged into Schenley Industries, Inc., both corporations of the State of Delaware, under § 253 of the *Delaware Corporation Law,* 8 *Del.C.* § 253. This section provides, in part, that a dissenting stockholder within twenty days after the mailing by the corporation of the notice of the filing and recording of the merger agreement may demand in writing from the parent or surviving corporation payment for his stock. The merger certificate was filed and recorded on March 26, 1958. The statutory notice to stockholders was sent by registered mail, return receipt requested, to appellee on April 2, 1958, and was received by appellee on April 3, 1958. Appellee posted her demand for payment in the mail on April 22, 1958, the last day provided by the statute for the making of such demand. This demand was received by appellant on April 23, 1958.

Appellant objected to the consideration of the petition on the ground that it was not *received* by appellant within the period of time provided by statute. The Chancellor overruled appellant's objection, holding that the filing of appellee's petition dated from the time of the posting of the written demand in the mails and not from the time of its receipt by appellant. He distinguished this case from the case of *In re Northeastern Water Company,* 28 *Del.Ch.* 139, 38 *A.2d* 918, relied on by appellant, by saying that since that decision was made, § 262, applicable to that case, was amended by imposing upon the corporation a requirement that it notify stockholders by registered mail, return receipt requested, of the filing and recording of the Merger Agreement.

Section 253(e) of the Delaware Corporation Law, under which the merger in this case was accomplished, provides as follows:

"In the event all of the stock of a Delaware corporation to be merged is not owned by the parent corporation, the parent corporation shall within 10 days after the date on which the certificate of ownership and merger has been filed and recorded, notify each stockholder of the corporation to be merged other than said parent corporation that the certificate of ownership and merger has been filed and recorded and the terms and conditions of the merger. The notice shall be sent by registered mail, return receipt requested, addressed to the stockholder at his last known address as it appears on the books of the corporation. If any such stockholder shall within 20 days after the date of mailing of the notice object in writing to said merger and demand in writing from the parent or surviving corporation, payment for his stock, such parent or surviving corporation shall, within 30 days after the expiration of the period of 20 days pay to him the value of his stock on the date of the recording of the certificate of ownership and merger, exclusive of any element of value arising from the expectation or accomplishment of said merger. If during the period of 30 days provided for herein the corporation and any such objecting stockholder fail to agree as to the value of such stock, any such stockholder or the corporation may file a petition in the Court of Chancery as provided in paragraph (c) of section 262 of this title and thereupon the parties shall have the rights and duties and follow the procedure set forth in paragraphs (d) to (j), inclusive, of said section 262."

A few comments upon the development of the law relating to consolidation and merger of corporations may be helpful.

■ At common law no consolidation or merger of corporations could be effected except with the consent of all the stockholders. This, at times, brought about an intolerable situation, since one or more minority stockholders, if he or they desired to do so, could impede the action of all the other stockholders. When this situation was changed

by statute in Delaware, to permit the consolidation or merger of two or more corporations without the consent of all the stockholders, it became necessary to protect the contractual rights of such stockholders —who by reason of the statute lost their common law right to prevent a merger—by providing for the appraisement of their stock and the payment to them of the full value thereof in money. See *Chicago Corp.* v. *Munds*, 20 *Del.Ch.* 142, 149, 172 *A.* 452; Fletcher Cyclopedia Corporations (Perm.Ed.), § 7165.

It has been generally held when the petitioner has complied with the statutory form of procedure that such statutes shall be liberally construed.

Appellant contends that the Chancellor's interpretation does not preserve the integrity of the twenty-day period for notice to stockholders, the thirty-day period for payment of the appraised value of the stock of dissenting stockholders, or the four-month period within which suit for the payment of the appraised value of his stock may be instituted by the stockholder. Appellant relies upon the decision of the Vice Chancellor in the case of In re Northeastern Water Company, supra, as controlling. In that case the Vice Chancellor held that the demand for payment must actually be received by the corporation within the twenty-day period, stating that since the requirement of the statute was in the form of a condition, and since the time period was an integral part of that condition, "the making of the demand cannot be completed until it is communicated." [28 *Del.Ch.* 139, 38 *A.2d* 922.]

The law with reference to the effect of posting a letter or other writing in the mail has frequently been considered in the courts, particularly in cases involving contracts. Courts have held generally —at least where the use of the medium of reply has been indicated— that when an acceptance has been posted in the mail, the contract becomes at once complete and absolutely binding. Indeed, where there is no direction as to the mode of communication, many courts have held that communication of an acceptance may be made through the mails. See decisions cited in 12 Am.Jur. (Contracts), § 47, p. 540.

It is, of course, true that in those cases where the offerer has indicated the medium through which the acceptance may be made, such procedure must be followed.

■ We do not agree with appellant's contention. We see no reason why the general rule followed in contract cases should not be followed in this case. The statute provides that notice by the corporation to its stockholders shall be by registered mail. The twenty-day period begins from the date of the posting of the original notice. The thirty-day period begins from the date of the expiration of the twenty-day period. The four-month period dates from the expiration of the thirty-day period. To fix the end of the period within which the stockholder must make his demand for payment as the time of its receipt by the corporation would inevitably result in many cases in considerably shortening the period of time within which the stockholder must make his written demand. There would be a lapse of time between the date of posting of the notice to the stockholder and his receipt thereof, plus an additional lapse between the time of the written demand by the sockholder and its receipt by the corporation. In addition, because of the necessity that the demand for payment be received by the corporation within the twenty-day period, the stockholder would necessarily have to allow additional time to cover delays and possible errors in the deliveries of mail.

We do not pass upon the correctness of the decision of the Vice Chancellor in the Northeastern Water Company case, nor is it necessary that we do so. We think that as the statute now reads fixing the time for demand for payment as the date of depositing the demand in the mail—when the mails are used—does not disturb the statutory procedure as contemplated in the act. The twenty-day period, the thirty-day period and the four-month period all relate to the date of the posting in the mail of the original notice to stockholders. We agree with the Chancellor that the time of the written demand by the stockholder should be deemed to be the date of its posting in the mail and not the date of its receipt by the corporation.

This conclusion does not mean that the stockholder has perfected his right to an appeal when he deposits the demand in the mail. The

corporation must receive the demand; otherwise, the statutory scheme of permitting the corporation, after a certain time, to bring into court all dissenting stockholders would be thwarted. This would cause no hardship to the stockholders since registered mail could be used.

The judgment below will be affirmed.